Marvin RUDEES, Appellant,

v.

DELTA AIRLINES, INC., Appellee.

Court of Appeals of Tennessee, Western Section.

April 26, 1977.

Certiorari Denied by Supreme Court July 5, 1977.

James W. Surprise, Memphis, for appellant.

Edward W. Kuhn, McDonald, Kuhn, Smith, Gandy, Miller & Tait, Memphis, for appellee.

MATHERNE, Judge.

While riding as a fare-paying passenger on a regularly scheduled flight of the defendant airline, the plaintiff sustained personal injuries when a stewardess spilled scalding coffee on his lap. The plaintiff sued for damages, and the trial judge, at the conclusion of the plaintiff's proof, directed a verdict for the defendant. The plaintiff appeals, assigning that action of the trial judge as error.

The plaintiff boarded the defendant's DC–9 airplane at Memphis for a flight to Atlanta, Georgia. The passengers were asked to keep their seat belts fastened due to the possibility that the plane might encounter air turbulence. At a point approximately 100 miles from Atlanta, a stewardess came down the aisle of the airplane carrying at waist level an open tray which contained several cups of scalding coffee. The plaintiff was seated on an aisle seat with his seat belt fastened; he had not ordered coffee. The airplane apparently hit some clear air turbulence which made the stewardess sway in the aisle and spill the contents of the cups on the plaintiff's lap. This resulted in rather severe burns to the plaintiff's thighs and groin area.

The defendant, on motion for directed verdict, argued that the plaintiff had not proved any negligence on its part. Counsel for the defendant argued, and the trial judge apparently agreed, that the plaintiff could not recover because he failed to prove that the pilot was negligent or that the defendant knew or should have known about the air turbulence.

The foregoing argument overlooks the basis of the lawsuit. The plaintiff alleged that the stewardess was negligent: (1) in spilling the coffee; (2) in her manner of carrying scalding coffee down the aisle of the plane; (3) in carrying the coffee in uncovered containers; and (4) in attempting to serve scalding coffee during flight. The issue is the negligence of the stewardess; therein lies the lawsuit.

Facts were proved from which the jury could have found the proximate cause of the plaintiff's injuries was the negligence of the stewardess as charged. We hold that reasonable minds could well differ on this issue and that the trial judge erred in directing a verdict for the defendant.

The judgment of the trial court is reversed, and this lawsuit is remanded for a new trial. The accumulated costs in the trial court and in this Court are adjudged against the defendant-appellee. The cost of the new trial will be there adjudged.

CARNEY, P. J., and NEARN, J., concur.